UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CERTAIN UNDERWRITERS AT LLOYDS, LONDON, et al.,

                       Petitioners,

             v.

PARISH OF LAFOURCHE,

                       Respondent.

24-CV-6097 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Respondent is the local governing authority of Lafourche Parish, a political subdivision of Louisiana. Petitioners, a collection of insurance syndicates, issued Respondent a commercial property insurance policy covering various buildings owned by Respondent (the "Policy"). The Policy includes an arbitration clause, which requires the parties to arbitrate "all matters in difference" between them "in relation to" the insurance and the Policy. Pursuant to the arbitration clause, any arbitration must be held in New York and governed by New York law.

    The arbitration clause provides the parties thirty days to agree upon a single arbitrator. If they cannot agree, each party appoints its own arbitrator. The clause further provides as follows:

> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

*See* ECF No. 4-1 at 37.

    The parties are presently engaged in an arbitration over claims for damage caused by Hurricane Ida, which struck LaFourche Parish on August 29, 2021. Petitioners commenced this action on August 12, 2024, requesting that the Court select an umpire to whom their dispute will be referred (the "Petition"). *See* ECF No. 1. Petitioners seek the appointment of an umpire

pursuant to Section 5 of the Federal Arbitration Act (the "FAA"), which provides:

> If in the agreement provision be made for a method of naming or appointing . . . an umpire, such method shall be followed; but . . . if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an . . . umpire, . . . then upon the application of either party to the controversy the court shall designate and appoint an . . . umpire[.]

9 U.S.C. § 5.[1]

"Section 5 of the FAA is quite clear: it requires that whatever method for naming an arbitrator or umpire is provided in the arbitration agreement must be followed." *Certain Underwriters at Lloyd's, London v. Vintage Grand Condo. Ass'n, Inc.*, No. 18-CV-10382 (CM), 2019 WL 760802, at *2 (S.D.N.Y. Feb. 6, 2019). A court is authorized to appoint an umpire "[o]nly if a party fails to avail himself of that method or if there is a lapse or a vacancy for some other reason." *Id.*

In a case involving an identical arbitration clause and the same petitioner, Judge McMahon held that the arbitrators' "fail[ure] to agree on something within their jurisdiction"—i.e., something other than the appointment of an umpire—is a "condition precedent to the appointment of an Umpire." *Vintage Grand*, 2019 WL 760802, at *3. Because the arbitrators in that case "ha[d] yet to meet, let alone fail to agree on some matter," the court denied the petition to appoint an umpire as premature. *Id.*

The same is true here. The arbitration clause requires that the parties' chosen arbitrators must "fail to agree" on the "matter in difference" before that matter can be referred to an umpire.

---

[1] Petitioners also cite to 9 U.S.C. § 206, which authorizes a court to appoint arbitrators "in accordance with the provisions of the agreement." That statute is part of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which has "overlapping coverage" with the FAA, to the extent the two do not conflict. *See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 102 n.1 (2d Cir. 2006). Section 206 thus does not authorize court appointment of an arbitrator under circumstances not authorized by § 5 of the FAA. *See id.* Accordingly, the Court's analysis will proceed solely under § 5.

However, the Petition suggests that after each party appointed an arbitrator, the arbitrators forewent consideration of the matter in difference and instead proceeded directly to attempting to agree to an umpire. *See* Pet. ¶¶ 27–28. Accordingly, the condition precedent to the appointment of an arbitrator has not been satisfied. As Judge McMahon previously explained to Petitioners—whose present counsel also represented them in *Vintage Grand*—"[s]hould the Arbitrators, *having reached a point of disagreement*, fail to agree on the identity of a neutral Umpire, then either party may invoke Section 5 of the FAA to seek court appointment of an umpire. Until then, any such application is premature." *Vintage Grand*, 2019 WL 760802, at *3 (emphasis added).

For the foregoing reasons, the request for the appointment of an umpire by the Court is denied, and the Petition is dismissed, albeit without prejudice. Respondent's motion to stay this action is denied as moot. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:   February 21, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge